UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

| | |
|---|---|
| THADDEUS L. RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:11CV26SNLJ/LMB |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND JUDGMENT

This matter is before the Court on the United States Magistrate Judge's Report and Recommendation [17], filed January 23, 2012.  Plaintiff has filed objections to said Report.  *See*, [18], filed January 26, 2012.

In his Report, the U.S. Magistrate Judge recommends that the decision of the defendant Commissioner denying the plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI be affirmed.  Plaintiff objects to the U.S. Magistrate Judge's Report and Recommendation because he believes that Social Security Ruling 82-59 applies in this case; and that the ALJ did not properly follow Social Security Ruling 82-59 because the ALJ determined that the plaintiff would not be disabled if given better diet and medication compliance.  The plaintiff opines that the U.S. Magistrate Judge's analysis and final recommendation is flawed because he erred in accepting the ALJ's determination that plaintiff would not be disabled if plaintiff simply followed a better diet regimen and regularly took his insulin.

The Court has carefully reviewed the U.S. Magistrate Judge's Report and Recommendation, the filed pleadings, and the plaintiff's objections and finds that the U.S. Magistrate Judge's Report and Recommendation shall be upheld.  It is clear that the U.S. Magistrate Judge's findings were not based upon any alleged determination by the ALJ that the plaintiff's was not disabled as long as he followed a prescribed diet and regularly took his medication.  After careful consideration of the entire record the Court concurs with the U.S. Magistrate Judge's findings that:

> "Social Security Ruling 82-59 does not apply in this case because the ALJ did not determine that plaintiff was disabled and that compliance would restore his ability to work.  Rather, the ALJ used evidence of plaintiff's noncompliance in weighing the plaintiff's credibility.  The ALJ specifically found that plaintiff's claim that he missed over twenty days of work due to symptoms of his impairments was not credible.  The ALJ concluded that, despite plaintiff's noncompliance, he was not disabled.  Rather, the ALJ found that plaintiff's impairments were `at best . . . troublesome.' (Tr.13).  The objective medical evidence supports this determination.  While the ALJ admittedly could have delineated his findings more clearly, this deficiency in opinion-writing does not require reversal and remand when that deficiency had no bearing on the outcome.  See, Hepp v. Astrue, 511 F.3d. 798, 806 (8th Cir. 2006)."

Accordingly,

**IT IS HEREBY ORDERED**  that the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton  [17], filed January 23, 2012  be and is **SUSTAINED, ADOPTED** and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the relief sought by the plaintiff in his Complaint and Brief in Support of Complaint be and is **DENIED.**

**IT IS FINALLY ORDERED** that the decision of the defendant Commissioner denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI be and is **AFFIRMED**. Judgment be and is

entered in favor of the defendant Commissioner.   This Court does not retain jurisdiction of this matter.

Dated this  29th  day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE